**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GRACE COMMUNITY CHURCH,

        Plaintiff,

        Case Number: 06-13526

v.

        JUDGE PAUL D. BORMAN

LENOX TOWNSHIP,        UNITED STATES DISTRICT COURT

        Defendant.
_____ /

**OPINION AND ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE (DOCK. NO. 28); AND (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOCK. NO. 29)**

Now before the Court are Plaintiff's and Defendant's Cross-Motions for Summary Judgment. A motion hearing was held on August 24, 2007. Having considered the entire record, and for the reasons that follow, the Court:

(1)    GRANTS Defendant's Motion to Dismiss WITHOUT PREJUDICE; and

(2)    DENIES Plaintiff's Motion for Summary Judgment.

**I.    FACTS**

Plaintiff Grace Community Church ("Plaintiff") is a Michigan ecclesiastical corporation. (Compl. ¶ 1). Plaintiff is lead by Pastor William Pacey, an ordained minister. Defendant Lenox Township ("Defendant") is a municipal corporation located in Macomb County, Michigan. (Compl. ¶ 2). According to Plaintiff, Defendant has enacted zoning ordinances to control land use activities within its corporate limits. (Compl. ¶ 3).

Plaintiff's mission is to serve all people, but especially those with emotional problems

1

and those who do not fit into the normal church setting. (Pl.'s Br. 3). In 2000, Plaintiff decided to establish a residential home which would provide counseling and support for people in need. (*Id*.). This included assisting those who abuse alcohol and drugs, as well as people with anger management issues. The first facility was set up in the Village of New Haven and housed four men. (Pl.'s Br. Ex. A, Pacey Aff. ¶ 4-5). Eventually, five new homes were added to the program, including a home for women. (*Id*. at ¶ 5). It is Plaintiff's belief that emotional problems, as well as drugs and alcohol problems, were symptomatic of the "lack of Christ" with a person. (*Id*. at ¶ 7). Until that person "found Christ," the symptoms would continue. (*Id*.). Thus, Plaintiff focuses on teaching those individuals in the residential program to have a personal relationship with God. (*Id*. at ¶ 6).

Plaintiff purchased the property at issue, a former Catholic Monastery, in order to expand its residential facility and consolidate all of its operations under one roof. (*Id*. at ¶ 8). Plaintiff applied for a special land use permit ("SUP") for the property to establish a church and residential facility, named the Christian Discipleship Center ("CDC"). (Compl. ¶ 4). The application was made for the appropriate SUPs to allow Plaintiff to run a church and the CDC. (Pacey Aff. ¶ 10). Plaintiff appeared before the Lenox Township Planning Commission ("Planning Commission") a number of times in pursuing its permits. (*Id*. at ¶ 12). On April 7, 2005, Pacey wrote to the Planning Commission and described the CDC program as classroom type activities and occasional sports, such as volleyball. (Def.'s Br. Ex. A, Pacey Letter 4/7/05). On June 27, 2005, the Planning Commission approved Plaintiff's church SUP and discussed limiting the CDC SUP to ten to fifteen individuals with no drug or alcohol problems. (Def.'s Br. Ex. C, Planning Commission Minutes 6/27/05). On July 25, 2005, the Planning Commission

noted that it had not approved the CDC SUP due to lack of information from Pacey. (Def.'s Br. Ex. D, Planning Commission Minutes 7/25/05). At that meeting, Pacey informed the Planning Commission that there would be no alcohol or narcotic anonymous meetings held at the facility. (*Id.*).

On July 27, 2005, Defendant's General Counsel Terry Welch sent a letter to the Planning Commission recommending approval of the CDC SUP based partly on Pacey's assurances that he would sign an Affidavit that the project would not be used as a halfway house and would not be used for drug or alcohol rehabilitation. (Def.'s Br. Ex. E, Welch Letter 7/27/05). Welch also only recommended approval with strict conditions. (*Id.*). The restrictions included that the facility could never be used as a halfway house or to house person undergoing alcohol and/or drug rehabilitation, that no more than fifteen people in residence, that all residents are pre-screened prior to acceptance, and that if any terms and conditions of the SUP are breached, then it reserves the right to revoke the SUP. (*Id.*). The Planning Commission approved the CDC SUP with the conditions listed in Welch's July 27, 2005 letter on August 22, 2005. (Def.'s Br. Ex. F, Planning Commission Minutes 8/22/05).

In September 2005, Defendant revoked any permits given for the residential facility and prohibited Plaintiff from operating the CDC on the premises. (Pl.'s Br. Ex. A, Pacey Dep. ¶ 13). Defendant claims that the CDC SUP was revoked when the Planning Commission was presented evidence that Plaintiff was operating a drug and alcohol rehabilitation center at the site, an action contrary to statements made by Pacey at prior Planning Commission meetings. (Def.'s Br. Ex. J, Planning Commission Minutes 9/26/05; Def.'s Br. 2, Def.'s Br. Ex. D, F, Planning Commission Minutes). Plaintiff contends that the CDC SUP was revoked on the mistaken belief that drug and

3

alcohol counseling occurred on the site. (Pl.'s Br. 4). Plaintiff continues to use the site as a place of worship and has the SUP to do so.

Plaintiff filed its Complaint on August 7, 2006, alleging violations of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq., the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et seq., and Equal Protection. Plaintiff seeks declaratory, injunctive and monetary relief.

Defendant filed a Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(6) and 56(c) on July 23, 2007. On that same day, Plaintiff filed its own Motion for Summary Judgment.

Plaintiff argues that it has made a prima facie case establishing that Defendant violated the RLUIPA. Plaintiff contends that when Defendant denied the SUP and variance for Plaintiff's use of the building, it do so by an individualized assessment; a jurisdictional element of the RLUIPA. Plaintiff asserts that Defendant's denial of the SUP prevents it from using the premises for its mission to help individuals adjust to society and "religious exercise," under the RLUIPA. Additionally, Plaintiff believes that the revocation completely deprives it of the right to engage in its religious exercise. Plaintiff submits that Defendant's denial of the SUP is a substantial burden upon religious exercise due to its imposition of delay, uncertainty and expense. Plaintiff avers that the application of the Zoning Ordinance discriminates among use as a Catholic monastery and an Evangelical transitional housing facility on the basis of religion. In addition to asserting that no genuine issue of material fact exists as to whether it made a prima facie case, Plaintiff claims that there is no issue of material fact regarding whether Defendant failed the strict scrutiny under the RLUIPA. Plaintiff argues that Defendant has not carried its burden to

4

prove a compelling interest. Plaintiff also avers that, assuming Defendant could demonstrate a compelling interest, denying Plaintiff the ability to use its property for a residential program is not the least restrictive means to further any such interest.

Defendant responds that Plaintiff has not been denied a place of worship. Defendant proffers that Plaintiff was granted his church SUP and it never applied for an SUP for an alcohol and drug rehabilitation center. Plaintiff's CDC SUP application was not for an alcohol and drug rehabilitation center and thus, Defendant submits that there is no genuine issue of material fact whether Plaintiff's claims are ripe. Defendant also argues that an ordinance decision can be challenged in court only when all of the challenging party's administrative remedies have been exercised, and Plaintiff has failed to appeal the revocation to the Zoning Board of Appeals. Even if Plaintiff's claims are ripe, Defendant argues that there is no genuine issue of material fact that Plaintiff has failed to establish a prima facie case under the RLUIPA. Additionally, Defendant maintains that Plaintiff did not meet its statutory burden and that an honest application requirement is the least restrictive means of achieving its compelling governmental interest.

## II. ANALYSIS

### A. Standard of Review

A complaint brought under Federal Rule of Civil Procedure 12(b)(6) should not be dismissed for failure to state a claim, "unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." *Hoover v. Ronwin*, 456 U.S. 558, 587 (1984). For purposes of a motion to dismiss, the pleadings and affidavits are viewed "in a light most favorable to the Plaintiff." *Niemi v. NHK Spring Co.*, 276 F. Supp. 2d 717 (E.D. Mich. 2003). All factual allegations and any inferences

derived from those allegations must be accepted as true. *Cheriee Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "If, on a [motion to dismiss] . . . , matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgement and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to represent all material made pertinent to such a motion by Rule 56. FED. R. CIV. P 12(b).

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id*. at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)) (citations omitted). A dispute

over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The rule requires that non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see also Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment). "'[C]onclusory' allegations unsupported by 'specific' evidence will be insufficient to establish a genuine issue of fact." *Id.* (citations omitted). *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990).

"[T]he showing (whether as to standing or the merits) required to overcome a motion for summary judgment is more extensive than that required in the context of a motion to dismiss."

*Id.* "The principal difference is that in the former context evidence is required, while in the latter setting the litigant may rest upon the allegations of his complaint." *Id.* (citations omitted); *see* FED. R. CIV. P. 56(e) (requiring the "nonmoving party to go beyond the pleadings.").

**B.     Discussion**

  1.     Ripeness

Defendant first makes two ripeness arguments in its Motion for Summary Judgment. Defendant argues that Plaintiff did not exhaust its administrative remedies by appealing the action to the Zoning Board of Appeals. Defendant also submits that Plaintiff did not apply for an SUP for the desired use – an alcohol and drug rehabilitation center.

    a.     Failure to Appeal

Plaintiff contends that according to *DiLaura v. Ann Arbor Charter Township*, 30 Fed. Appx. 501 (6th Cir. Feb. 25, 2002) (unpublished), exhaustion of administrative remedies is not required.

Article III of the U.S. Constitution limits the jurisdiction of federal courts to actual cases or controversies. U.S. CONST. art. III, § 2. It requires that the Court consider whether Plaintiff's claims are ripe for judicial. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). "Ripeness is a doctrine of justiciability that concerns when review is appropriate. Ripeness is similar to standing, but whereas standing is concerned with who is a proper party to litigate a particular civil action, ripeness is concerned with when a proper party may litigate that action." *Michigan Wolfdog Ass'n v. St. Clair County*, 122 F. Supp. 2d 794, 800 (E.D. Mich. 2000) (citation omitted).

As a result of Defendant's argument that Plaintiff's claim is unripe, the Court construes

Defendant's Motion for Summary Judgment as a Motion to Dismiss the Complaint under Rule 12(b)(1), based upon subject matter jurisdiction.

"[T]he basic rationale for the ripeness doctrine is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements. *Michigan Wolfdog*, 122 F.Supp. 2d at 800 (citation and quotation omitted). In deciding the ripeness issue, the Court asks (1) whether the issues are fit for judicial decision and (2) the hardship to the parties of withholding court consideration. *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds*, *Califano v. Sanders*, 430 U.S. 99 (1977); *see also Nat'l Rifle Ass'n v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997). When determining whether this action is one fit for judicial resolution at the pre-enforcement stage, the court is required to make "a determination of whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims." *Magaw*, 132 F.3d at 284.

Because of the very nature of the challenge, the Court considers Plaintiff's claim to be an "as-applied challenge." Before a plaintiff brings an as-applied challenge to a zoning ordinance, the zoning authorities must be given an opportunity to "arrive[] at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question." *Williamson County v. Hamilton Bank*, 473 U.S. 172, 191 (1985). A plaintiff's claim is not ripe if it does not seek a variance. *Id.* at 193-94. Thus, a claim that the application of government regulations effects a taking of a property interest is not ripe until the governmental entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue. *Hearns*, 241 F. Supp. 2d at 803.

In *DiLaura*, a case proffered by Plaintiff, the plaintiff sought to use a house as a religious

9

retreat on behalf of a catholic organization. 30 Fed. Appx. at 503. The zoning officer denied the plaintiff's request as the property was not zoned for the desired use. *Id*. The plaintiff then applied for a variance before the zoning board of appeals, which was subsequently denied. *Id*. The plaintiff brought suit in Wastenaw County Circuit Court and the defendants removed the case to federal court. *Id*. The district court found that Plaintiffs lacked standing, lacked an injury-in-fact, and did not have a claim ripe for adjudication. *Id*. at 504. On the ripeness issue, the Sixth Circuit Court of Appeals, relying on *Murphy v. Zoning Commission of the Town of New Milford*, 148 F. Supp. 2d 173, 185 (D. Conn. 2001) (*Murphy I*),[1] found that seeking a conditional use permit from the town board is not a requirement in RLUIPA claims brought as part of § 1983 actions. *Id*. at 504. The court also noted that the plaintiffs did go through the appeals process and applied for a variance. *Id*. at 505. Additionally, the court found a hardship when enforcement of a statute or regulation simply delays the proceedings. *Id*.

In *Murphy v. New Milford Zoning Commission*, 402 F.3d 342 (2d Cir. 2005) (*Murphy II*), a Second Circuit case, the plaintiffs hosted prayer meetings in their single family home and were issued a cease and desist order for violating a single-family zoning regulation. *Id*. at 345. The plaintiffs did not appeal the cease and desist order to the Zoning Board of Appeal to seek a variance. *Id*. Instead, the plaintiffs filed suit in federal court, arguing, among other things, a violation of the RLUIPA. *Id*. at 346. The district court issued an injunction and the case was appealed. *Id*. The Second Circuit found that until the variance and appeals process was completed, the dispute remained unripe. *Id*. at 354. Additionally, the court held that (1)

---

[1] *Murphy I* was overturned by the Second Circuit in *Murphy v. New Milford Zoning Commission*, 402 F.3d 342 (2d Cir. 2005) (*Murphy II*)

"requiring a claimant to obtain a final decision from a local land use authority aids in the development of a full record"; (2) "only if a property owner has exhausted the variance process will a court know precisely how a regulation will be applied to a particular parcel"; (3) a variance might provide the relief the property owner seeks without requiring judicial entanglement in constitutional disputes"; (4) that "requiring a meaning ful variance application as a prerequisite to federal litigation enforces the long-standing principle that disputes should be decided on non-constitutional grounds whenever possible"; and (5) that "federal principles also buttress the finality requirement." *Id.* at 348. Just as in *DiLaura*, the court also found that "property owner need not pursue such applications when a zoning agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied." *Id.* at 349.

The Court finds *Murphy II* persuasive. Here, the factual record is not sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims. "Those who have not followed available routes of appeal cannot claim to have obtained a 'final' decision, particularly if they have foregone an opportunity to bring their proposal before a decisionmaking body with broad authority to grant different forms of relief or to make policy decisions which might abate the alleged taking." *Cmty. Treatment Ctrs. v. City of Westland*, 970 F. Supp. 1197, 1210 (E.D. Mich. 1997) (citing *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 503 (9th Cir. 1990)).

Plaintiff asserts that the Lenox Township zoning ordinance prevented them from appealing to the Zoning Board of Appeals. The zoning ordinance states:

**Section 1904. WHO MAY APPEAL**

An appeal may be taken by *any person aggrieved* or by any officer, department, board or bureau of the Township, County or State.
. . . .
**Section 1907.  JURISDICTION**
The Board of Appeals may *reverse or affirm*, wholly or partly, or may modify the order, requirement, decision of determination as in its opinion ought to be made in the premises, and to that end shall have all the power of the officer from whom the appeal was taken and *may issue or direct the issuance of a permit*. . . .

(Def.'s Br. Ex. L, Lenox Township Zoning Ordinance 1-2) (emphasis added).

Under the ordinance, the Zoning Board of Appeals has the power to require the Planning Commission to re-issue the CDC SUP. Any person who was aggrieved may appeal, and the Board of Appeals may reverse or affirm any determination. Thus, without an appeal to the Zoning Board of Appeals, neither the Court, nor the parties, know the final determination. Plaintiff would have been satisfied with the outcome of the appeal if Plaintiff had the revocation of its SUP reversed, i.e., the SUP re-issued, by the Zoning Board of Appeals. Plaintiff's contention is that they have not, and do not, plan on conducting alcohol and/or drug rehabilitation, and that the Planning Commission mistakenly believed that they did so. Additionally, there is no evidence that the zoning agency has dug in its heels and made it clear that an appeal would be denied.

Without reaching a decision on whether the Planning Commission correctly or mistakenly believed that Plaintiff violated the conditions of his CDC SUP, the Court finds that Plaintiff has not exhausted its administrative remedies by appealing to the Zoning Board of Appeals and receiving from it a final decision. If Plaintiff had appealed the decision, and the Zoning Board of Appeals found that the CDC SUP conditions were not violated, it would restore the SUP and Plaintiff's issue would be moot.

12

Accordingly, the Court grants Defendant's Motion to Dismiss without prejudice.

b.     Failure to Apply for Correct SUP

Plaintiff does not respond to this argument, except to state that Rev. Pacey testified at his deposition that he did not, and does not, provide drug and alcohol counseling at the Lennox Township facility. (Pl.'s Resp. 1). At the hearing, Plaintiff reiterated that it has not used, and does not intend to use, the property to spiritually treat people who were recovering from alcohol and/or drug addiction, and will not accept court referrals. Accordingly, the Court finds that Plaintiff applied for the correct SUP.

As a result of the Court's finding that Plaintiff's claim is unripe, the Court does not find it necessary, at this time, to address the merits of Plaintiff's RLUIPA claim encompassed in its summary judgment motion. Accordingly, the Court GRANTS Defendant's Motion to Dismiss WITHOUT PREJUDICE.

In light of the above analysis, the Court DENIES Plaintiff's Motion for Summary Judgment at this time.

## III.   CONCLUSION

For the reasons stated, the Court:

(1)    GRANTS Defendant's Motion to Dismiss WITHOUT PREJUDICE; and

(2)    DENIES Plaintiff's Motion for Summary Judgment.

**SO ORDERED.**

                                        s/Paul D. Borman  
                                        PAUL D. BORMAN  
                                        UNITED STATES DISTRICT JUDGE

Dated:  August 31, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 31, 2007.

                                                s/Denise Goodine
                                                Case Manager