UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRACE COMMUNITY CHURCH,

        Plaintiff,

-vs-                                     Case No. 06-CV-13526

                                              PAUL D. BORMAN
LENOX TOWNSHIP,                  UNITED STATES DISTRICT JUDGE

        Defendant.
_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR REHEARING ON
(1) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
(2) PLAINTIFF'S MOTION TO COMPEL**

Now before the Court is Plaintiff Grace Community Church's Motion for Rehearing on Plaintiff's Motion for Summary Judgment (Doc. No. 56) and Motion for Rehearing on Plaintiff's Motion to Compel Waiver of Attorney Client Letters (Doc. No. 57). Having considered the entire record, and for the reasons that follow, the Court DENIES Plaintiff's Motions for Rehearing.

**I.    BACKGROUND**

The facts of the instant case are set forth in *Grace Community Church v. Lenox Township*, No. 06-13526, 2007 WL 2533884 (E.D Mich. Aug. 31, 2007) (unpublished) (Doc. No. 52). On September 14, 2007, Plaintiff timely filed its Motion for Rehearing on its Motion for Summary Judgment. (Doc. No. 56). On September 17, 2007, Plaintiff timely filed its Motion for Rehearing on its Motion to Compel. (Doc. No. 57).

**II.    ANALYSIS**

    **A.    Motion for Reconsideration Standard**

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion

for rehearing or reconsideration may be filed within ten days after the entry of the decision to which it objects. *See also* FED. R. CIV. P. 59(e) (allowing a party to file a Motion to Alter or Amend Judgment within ten days of entry of the Judgment). A motion for reconsideration will be granted if the moving party demonstrates that the court's order contains "a palpable defect by which the court and parties have been misled," and that "correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997) (internal citation omitted).

Motions for Reconsideration "cannot . . . . be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion." *Id.* at 281 (citation omitted). "It is improper on a motion for reconsideration to 'ask the Court to rethink what it has already thought through – rightly or wrongly." *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich 2003) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, Case No., 99 F.R.D. 99, 101 (E.D. Va. 1993)). A Motion for Reconsideration will be considered only if (1) there has been an intervening change in the controlling law, (2) a clear error needs corrected or in the interest of preventing manifest injustice, or (3) new evidence is available. *Id.* (citation omitted).

**B.    Summary Judgment**

Plaintiff avers it is entitled to a rehearing on three grounds: (1) that this Court committed clear error when it relied upon *Murphy v. New Milford Zoning Commission*, 402 F.3d 342 (2d. Cir. 2005) (*Murphy II*) in holding that Plaintiff's claim was not ripe for review; (2) the Court committed clear error in failing to address its equal protection claim; and (3) alternatively the Court should have stayed the action rather than dismissing the suit without prejudice.

      1.      Binding Precedent

Plaintiff argues the Court committed a palpable defect when it held that *DiLaura v. Ann Arbor Charter Township*, 30 Fed. Appx. 501 (6th Cir. Feb. 25, 2002) (unpublished), was unpersuasive because the Sixth Circuit Court of Appeals relied upon a case which was subsequently overturned by *Murphy II*. An unpublished decision does not constitute binding precedent; however, it can constitute persuasive authority where there is no published decisions on point. The Court concludes that *DiLaura* is not persuasive authority where the Second Circuit case on which it relied was subsequently overruled by the Second Circuit.

The Court finds that this Court's holding is not palpable error as Plaintiff is merely seeking for this Court to "rethink what is has already thought through . . . ." *Carter*, 211 F.R.D. at 550. Therefore, this basis for rehearing is denied.

      2.      Equal Protection Claim

Plaintiff avers that the Court committed clear error by failing to address its Equal Protection Claim.

Although Plaintiff included this claim in his Complaint, and sought Summary Judgment on the issue, he failed to address the particulars of this claim either in his briefing or his oral argument. Plaintiff now argues the Court failed to adequately address the claim in its Opinion and Order, even though Plaintiff failed to discuss this claim in either in his brief or argument.

The Court's previous Opinion and Order held that Plaintiff's RLUIPA claim which was briefed and argued, was unripe. The Court denies a rehearing on the Equal Protection Claim which was not briefed or argued by Plaintiff.

3.  Stay

To the extent Plaintiff argues that the Court should use its inherent power to stay this action rather than dismiss it *without prejudice*, the Court declines to do so.

**C.  Attorney Client Letters**

Plaintiff argues the Court committed clear error when in rejecting Plaintiff's request for Defendant's letters at issue: (1) the Court ignored the rules of ethics; (2) the Court relied upon inaccurate facts in applying the law of waiver; and (3) the Court erred in ruling the privilege was not waived when the letters were transmitted to a non-client third-party.

1.  Rules of Ethics

Plaintiff contends that the Court erred in its holding by ignoring the rules of ethics. Plaintiff previously argued to this Court in its Motion to Compel that it conformed with the rules of ethics when it discovered the letters. (Plf Br. at 5-7). This argument was therefore presented to the Court and rejected by the Court. Plaintiff now improperly seeks for the Court to reexamine its previous argument. Therefore, the Court finds no "palpable error" in its holding.

2.  Inaccurate Facts

Plaintiff argues that the Court erred in its holding when it relied upon inaccurate facts in applying the law of waiver.

First, Plaintiff avers the Court erred when it found that Plaintiff had not supported its argument that Ms. Turchi voluntarily waived the attorney-client privilege. Plaintiff argues it did present evidence of voluntary waiver to the Court. However, it is clear from the record this evidence was merely a recitation of the facts; Ms. Turchi handed over a personal file of documents which contained two privileged letters which were not marked "confidential." (Plf. Br. at 8-9). To the

extent Ms. Turchi stated that she took the file out of her basement and looked through it to see what "she thought she needed," such a statement is not "evidence" that she was aware that the letters were privileged.

Plaintiff also claims that the Court relied on inaccurate facts in its analysis of whether the letters were inadvertently disclosed to Plaintiff. Plaintiff notes that the Court misstated that only one letter had been disclosed at Ms. Turchi's deposition rather than two. Beyond this misstatement which was not determinative of any issue, Plaintiff has failed to show any other inaccurate facts. Rather, Plaintiff rehashes its previous Motion to Compel and seeks to have this Court "rethink" the issue. This is improper. *See Carter*, 211 F.R.D. at 550. Here there is no palpable error in the Court's analysis where it stated there was one letter rather than two at issue.

        3.     Non-Client Third Party waiver

Plaintiff argues that the Court erred in holding that Defendant did not waive any privilege when it sent certain documents to Mr. Birchler for review. Plaintiff contends "the facts of this case do not support a determination that Mr. Birchler was copied on these letters for legal services." (Plf. Br. at 15). Again, Plaintiff has not shown a palpable error but rather is merely seeking for the Court to reconsider its previously presented argument. In the present case, there is no error where the Court found Mr. Birchler's opinion was relied upon and consulted with regarding the legality of property uses and he shared a common interest with Defendant.

Therefore, Plaintiff's Motion for Rehearing on its Motion to Compel is denied.

## III. CONCLUSION

For all these reasons, the Court hereby:

(1)    **DENIES** Plaintiff's Motion for a Rehearing on Plaintiff's Motion for Summary Judgment (Doc. 56); and

(2) **DENIES** Plaintiff's Motion for a Rehearing on Plaintiff's Motion to Compel Waived Attorney Client Letters (Doc. 57).

**SO ORDERED**.

                                                 s/Paul D. Borman
                                                 PAUL D. BORMAN
                                                 UNITED STATES DISTRICT JUDGE

Dated: November 2, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 2, 2007.

                                                 s/Denise Goodine
                                                 Case Manager